EUPHÉMIE KILS v. L. J. HAMILTON, Wife of R. C. DOWNS.

A married woman is without power to file an answer and stand in judgment, without being authorized by her husband or the Judge; and a judgment by default rendered against her before she is so authorized produces no effect.

APPEAL from the District Court of the Parish of Iberville, *Beale,* J.
 *A. Talbot,* for plaintiff. *W. J. Hamilton,* for defendant and appellant.

MERRICK, C. J. This suit is upon certain obligations given by a married woman as part of the price of a plantation.

Judgment having been rendered against her for $9,770 37, she appeals.

Among other grounds of reversal, it is urged that the defendants have not been properly served with petition and citation, and moreover, that the defendant, *Mrs. Downs,* the wife, was not authorized to defend the suit.

Whether the motion for further time to answer waives the defective service of petition and citation, is not necessary now to determine, as we shall reverse the judgment on the other ground, and plaintiff will be at liberty to cause a new service to be made according to Art. 192 of the Code of Practice, if she shall deem it expedient. See C. P., Arts. 189, 192, 201; 3 An. 130.

The default was set aside, on the filing of an answer by *Mrs. Downs,* without the authorization of her husband. He does not appear in the case, except to move for further time to answer, and to authorize the appeal.

Under the positive provisions of Arts. 123 and 126 C. C., and the decisions of this court, the defendant was without power to file an answer and stand in judgment, without being authorized by her husband or the Judge. 1 An. 260; 9 An. 204; 12 An. 147.

The motion for further time to answer was *subsequent* to the judgment by default; hence, when such judgment by default was entered, the irregular service was not aided by any appearance, or waiver of petition and citation by defen-

dant. That judgment being erroneous, and having been set aside by the lower court, there is no reason to reinstate it here even, if it could avail the plaintiff, had it been regular.

The judgment of the lower court must be reversed, and the cause remanded for further proceedings.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this case be remanded to the lower court, there to be proceeded in according to law, the appellee paying the costs of the appeal.